UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62441-CIV-COHN

ROSARIO ISABEL MARTOS,

      Plaintiff,

v.

SHAUN DONOVAN, Secretary of
the United States Department of
Housing and Urban Development,

      Defendant.

_____/

**<u>ORDER DISMISSING CASE FOR FAILURE TO EFFECT TIMELY SERVICE</u>**

      **THIS CAUSE** is before the Court upon Plaintiff's Answer to Show Cause for

Failure to Comply with Fed. R. Civ. P. 4(m) [DE 5] ("Response").  The Court has

carefully reviewed the Response and the record in this case and is otherwise fully

advised in the premises.

      On February 25, 2014, the Court issued an Order to Show Cause for Failure to

Comply with Fed. R. Civ. P. 4(m) [DE 4] ("Order").  The Order noted that although

Plaintiff filed her Complaint in this action on November 7, 2013, there was no indication

that Plaintiff had served Defendant with process.  Because Defendant must be served

within 120 days after the Complaint was filed, <u>see</u> Fed. R. Civ. P. 4(m), the Court

ordered Plaintiff to show cause, by March 11, 2014, "why she has not timely served

Defendant with process."  DE 4 at 1.

      In her Response to the Order, Plaintiff states that on the day she filed this action,

"she was forced to leave abruptly her home," apparently due to the reverse-mortgage

foreclosure alleged in her Complaint.  DE 5 at 1, ¶ 1.  "As a result of this incident," Plaintiff contends, "the summons issued by the Clerk of Court for Defendant . . . was misplaced and Plaintiff was unable to find this document and serve Defendant."  Id. ¶ 2; see DE 6 at 1, ¶¶ 2-3  (Pl.'s Mot. for Issuance of Alias Summons) (asserting that "[o]n November 7, 2013 Plaintiff had a Summons issued for Defendant," but that "this document has been lost, misplaced or destroyed").  But the record refutes this claim: Until the March 11, 2014, show-cause deadline, Plaintiff had never filed a proposed summons with the Clerk of Court, nor had the Clerk issued any summons in this case. And though Plaintiff recently obtained a Summons [DE 7] for service on Defendant—a United States agency official—Plaintiff has made no effort to serve the United States itself as required by Federal Rule of Civil Procedure 4(i)(2).

Based on these facts, Plaintiff cannot show good cause for the untimely service. See Fed. R. Civ. P. 4(m); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." (alteration & internal quotation marks omitted)).  Rather than some factor outside Plaintiff's control, the untimely service here was apparently caused by a simple lack of diligence on the part of Plaintiff.  See Fed. R. Civ. P. 4(c)(1) (explaining that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)").  Nor do any other factors warrant a discretionary extension of the time for service.  See Lepone-Dempsey, 476 F.3d at 1281-82.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is **ORDERED AND ADJUDGED** that the above-styled action is **DISMISSED WITHOUT PREJUDICE**

for failure to effect timely service of process.  The Clerk shall **CLOSE** this case and

**DENY AS MOOT** all pending motions.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 17th day of March, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Rosario Isabel Maros, *pro se*
7416 Forrest St.
Hollywood, FL  33024